UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
FILED

FEB 2 1 2006

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-176-GWU

DARRIN JOHN SMITH,                                                      PLAINTIFF,

VS:                            MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                      DEFENDANT,

INTRODUCTION

Darrin Smith brought this action to obtain judicial review of an unfavorable

administrative decision on his application for Supplemental Security Income

(SSI). The case is before the Court on cross-motions for summary judgment.

APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for

judicial analysis of benefit denial cases:

1.    Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2.    Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.    Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4.    Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.    Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes,

1

the claimant is disabled.   If no, proceed to Step 6.   See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.    Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled.   If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7.    Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?   If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply.   Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id.   This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir.  1984); King v. Heckler, 742

2

F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs."   20 C.F.R. 404.1521, 416.921.   The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term.  Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985).   The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment,"  Landsaw v. Secretary of Health and Human Services,  803 F.2d 211 (6th Cir. 1986).

The Farris decision provides that a fairly liberal standard should be used in evaluating whether a claimant's impairment is severe.  An impairment can be considered as not severe only if the impairment is a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, and work experience." Farris, 773 F.2d 85, at 88.

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Smith, a 35 year-old former sawmill worker, dock worker, drywaller and janitor with a high school equivalent education, suffered from impairments related to a history of hypertension, a history of left humerus fracture, an anxiety disorder, and alcohol

3

abuse in partial remission. (Tr. 13, 17). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work. (Tr. 21). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 21-22). The ALJ based this decision, in part, upon the testimony of a vocational expert. (Tr. 20).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence. However, the current record also does not mandate an immediate award of SSI. Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

The ALJ erred in evaluating Smith's mental condition. As previously noted, the ALJ determined that the plaintiff's anxiety disorder was a "severe" impairment. This finding suggests that the condition would have at least have some effect upon the claimant's ability to perform work activity as per the authority of Farris, 773 F.2d 85, at 88. However, the ALJ's residual functional capacity assessment, as well as the hypothetical question upon which she relied, did not include any mental limitations. (Tr. 21, 230). Thus, the ALJ's hypothetical question was not consistent with her actual findings.

The ALJ's finding concerning an anxiety disorder cannot be dismissed as a gratuitous finding. Examination of the medical record indicates that at least some mental limitations should have been found to afflict Smith. Psychologist Kenneth Starkey examined the claimant and indicated that without three to six months of psychological care, her prognosis for a gainful public employment was

4

"guarded." (Tr. 108). Starkey also noted that the plaintiff's current symptoms would cause at least some impairment of social and occupational functioning. (Tr. 107). While complete abstinence from alcohol could significantly reduce Smith's mental symptoms, the examiner did not indicate that they would be totally eliminated.[1] (Tr. 109). Psychologists Jay Athy (Tr. 173-174) and Stephen Scher (Tr. 177-178), the non-examining medical reviewers, each identified a number of significant mental limitations including such factors as a "moderately" limited ability in such areas as the ability (1) to understand, remember and carry out detailed instructions; (2) to maintain attention and concentration for extended periods; (3) to work in coordination with or proximity to others without being distracted by them; (4) to complete a normal workday or workweek without interruption from psychologically-based symptoms and to perform at a consistent pace without an unreasonable length and number of rest periods; (5) to interact appropriately with the general public; (6) to get along with co-workers or peers without distracting them or exhibiting behavioral extremes; (7) to respond appropriately to changes in the work setting; and (8) to travel in unfamiliar places or use public transportation.[2] Psychologist Reba Moore, another examiner, identified a number of very severe mental limitations (Tr. 148-149) which were presented to Vocational Expert James Miller. Miller could name no jobs which would remain available. (Tr. 231). Dr. James West (Tr. 154) a treating family physician, and Dr. Gopal Rastogi (Tr. 153) each indicated that the plaintiff suffered from disabling mental problems. Even if the opinions of Moore, Dr.

---

[1]Public Law 104-121 requires a finding of "not disabled" if alcoholism or drug abuse is material to the disability finding.

[2]The medical reviewers each cited Section 12.09 of the Listing of Impairments relating to substance addiction as a category they had considered. (Tr. 181, 196). Thus, they should have been aware of the need to separate out the restrictions.

5

West and Dr. Rastogi were not fully binding on the ALJ, they at least suggest the existence of serious mental limitations not found by the administration. Therefore, a remand of the action for further consideration is required.

The ALJ also erred in evaluating Smith's physical condition.   In determining the plaintiff's residual functional capacity, the ALJ relied upon the opinion of Dr. William Rosenblum, a treating orthopedic surgeon, and rejected the opinion of Dr. West.  (Tr. 18).  In February of 2003, Dr. Rosenblum noted that the plaintiff was "clinically and radiographically healed" with regard to his left humerus fracture.  (Tr. 111).  However, Dr. Rosenblum also indicated that the plaintiff could later suffer from a "delayed nerve problem."  (Tr. 111).  In June of 2003, Dr. West indicated that the patient had now developed a neuropathic type pain with his left upper extremity and that this was the source of his disability. (Tr. 154).  Thus, Dr. West's finding is not necessarily inconsistent with the opinion of Dr. Rosenblum.

The Court notes that the ALJ's physical findings are consistent with the opinions of Dr. Calixto Hernandez (Tr. 155-162) and Dr. David Swan (Tr. 163-172), the non-examining medical reviewers.  An ALJ may rely upon the opinion of a non-examiner over that of a examining source when the non-examiner clearly states the reasons for his differing opinion.  Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994).  However, the reviewers saw the record in January and April of 2003 and, so, never had the opportunity to see and comment upon Dr. West's June, 2003 opinion nor his January of 2004 functional limitations.  Thus, the ALJ could not rely upon these opinions and should at least have sought the advice of a medical advisor who had seen the entire record.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration.

6

Therefore, the Court must grant the plaintiff's summary judgment motion in so far as it seeks a remand of the action for further consideration, and deny that of the defendant. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the ___21___ day of February, 2006.

G. WIX UNTHANK
SENIOR JUDGE